972 F.2d 341
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stacey D. SIMMONS, Plaintiff-Appellant,
v.
RONSON CORP., Defendant-Appellee.
 No. 91-1244.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 7, 1992
Decided: August 10, 1992
As Amended Sept. 3, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CA-91-471-A)
 ARGUED: John Edward Shields, Johnson & Roche, McLean, Virginia, for Appellant.
 John David McGavin, Lewis, Trichilo, Bancroft & McGavin, P.C., Fairfax, Virginia, for Appellee.
 ON BRIEF: Brien A. Roche, Johnson & Roche, McLean, Virginia, for Appellant.
 E.D.Pa.
 Affirmed.
 Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Stacey D. Simmons alleges two errors by the district court during trial of her suit claiming breach of implied warranty and negligence on the part of defendant-appellee Ronson Corporation. Finding no error, we affirm.
 
 I.
 
 2
 On October 28, 1975, Simmons, a child of four at the time, was injured when she spilled lighter fluid sold by Ronson onto herself and accidentally ignited it. Simmons claims that the can of lighter fluid was defective because it lacked a child-resistant cap in violation of the Poison Prevention Packaging Act of 1970, 15 U.S.C. §§ 14711476 ("PPPA").[1] Ronson does not dispute that the regulations promulgated under the PPPA generally require that cans of lighter fluid be equipped with a child-resistant cap, see 16 C.F.R. § 1700.14(a)(7); see also J.A. at 199; Appellee's Br. at 8, and that the can introduced into evidence by Simmons did not have such a cap, see J.A. at 193; Appellee's Br. at 8.[2] The PPPA and its accompanying regulations provide an exception from this general rule, however: in order to make substances readily available to elderly or handicapped persons unable to use them when packaged with a child-resistant cap, the manufacturer may package a single size of the substance in noncomplying packaging if the manufacturer (i) also supplies the substance in complying packaging and (ii) conspicuously labels the noncomplying package to identify it as such. 15 U.S.C. § 1474(a); 16 C.F.R. § 1700.5. Ronson argued that it satisfied this exception from the general rule. The district court agreed and instructed the jury at the conclusion of the evidence that "as a matter of law ... defendant did comply with [the PPPA] and [its implementing] regulations." J.A. at 291. The jury returned a verdict for Ronson, id. at 303, and this appeal followed.
 
 II.
 
 3
 Simmons first argues that the district court erred in instructing the jury that as a matter of law Ronson had not violated the PPPA. Simmons maintains that the testimony before the district court created at least a factual dispute as to Ronson's compliance. Appellant's Br. at 7. We disagree. Simmons cites in support of her claim Sgro's testimony that in his opinion, which was not based on an evaluation of PPPA compliance, a child-resistant cap should have been used. Id. at 5. Standing alone, this statement does not raise a question of material fact as to Ronson's compliance with the PPPA. Simmons also baldly asserts that the cap of the can produced did not comply with the PPPA. Appellant's Reply Br. at 1. Of course, appellant's summary, unsupported conclusion that the can introduced into evidence did not comply with the PPPA is insufficient to present a triable jury issue, even when coupled with her expert's similarly conclusory statement.
 
 
 4
 Recognizing this, Simmons rests her argument primarily on what she contends were weaknesses in the testimony of Bockserman-Ronson's expert and the only person who was qualified to testify at trial as to Ronson's compliance with the PPPA. Bockserman testified at trial that Ronson fully complied with the PPPA by satisfying the exception provided under 15 U.S.C. § 1474(a) and 16 C.F.R. § 1700.5. He testified that the warning on the can was "well within the specifications and regulations as stated in the Code of Federal Regulations," J.A. at 187, and that Ronson at the time of the accident manufactured other cans equipped with child-resistant caps, id. at 194. Simmons offered absolutely no evidence to refute this testimony.[3] The alleged weaknesses in Bockserman's testimony cannot alone give rise to a factual question over Ronson's PPPA compliance. On this record, the district court did not err in holding as a matter of law that Ronson had complied with the PPPA and in so instructing the jury.
 
 III.
 
 5
 Simmons also argues that the district court erred in refusing to submit to the jury instructions that directed it to find for Simmons if it found a violation of the PPPA. Because Simmons introduced no facts which, if accepted as true, would entitle her to a jury determination on compliance with the PPPA, this second basis of appeal necessarily fails.
 
 CONCLUSION
 
 6
 For the reasons stated herein, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 [1]
 In support of her claim, Simmons proffered an expert witness, psychologist Joseph Sgro, to testify on what type of cap and printed warnings the can should have had to prevent Simmons from opening it. J.A. at 77. During his deposition, Sgro admitted that he was not familiar with industry standards for child-resistant caps at the time of the accident and that he had no knowledge whatsoever of the regulations and exemptions under the PPPA. (He admitted at trial that the only experience he had had with child-resistant caps prior to his deposition came from dispensing aspirin to his infant child. Id. at 86.) Following extensive voir dire, see id. at 77-99, the district court decided to permit Sgro to testify as an expert on human reaction or interaction with a particular product, id. at 98-99, but refused to qualify him to testify as an expert on the PPPA, id. at 153, a ruling that Simmons does not (and could not) challenge. The district court did qualify an expert for Ronson, Robert Bockserman, to testify concerning compliance with the PPPA. Id. at 184-85
 
 
 [2]
 Simmons' grandmother testified that the can of lighter fluid involved in the accident had the same type of cap as a can produced at trial by Simmons. J.A. at 30. Counsel for Ronson noted at argument that at the time of the accident Ronson did not even manufacture the particular type of can Simmons entered into evidence, but for purposes of this appeal, Ronson apparently does not contest that the can introduced by Simmons at trial was a fair representation of the can involved in the accident
 
 
 [3]
 Instead, Simmons argues that Ronson did not qualify for the exception because it did not show that it had conducted tests demonstrating that elderly or handicapped individuals could not open child-resistant cans of its lighter fluid. See Appellant's Br. at 7-9. The district court concluded that the PPPA requires no such showing. See J.A. at 272-73. We agree. See Preamble to PPPA Regulations, 40 Fed. Reg. 4648, 4649 (1975)
 Simmons also cites Orthopedic Equip. Co. v. Eutsler, 276 F.2d 455 (4th Cir. 1960), in support of her claim. Orthopedic is inapplicable in the context of this case. The rule of Orthopedic applies only where conflicting evidence has been introduced; here, Simmons offered absolutely no evidence as to the issue in dispute-whether Ronson qualified for the exception.